United States District Court

For the Northern District of California

1

2

3

4

5                      IN THE UNITED STATES DISTRICT COURT

6                FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   JOHN BRITTON, LORINDA BRITTON,         No. C 05-01057 SI
    SILVERHAWK AVIATION LLC, and DAVID

9   CURRIE,                               **ORDER GRANTING PLAINTIFFS'**
                                         **MOTION TO REMAND AND**

10             Plaintiffs,                 **REMANDING ACTION TO ALAMEDA**
                                         **COUNTY SUPERIOR COURT**
    v.

11

12   ROLLS ROYCE ENGINE SERVICES,
    OAKLAND, INC., DALLAS AIRMOTIVE,

13   INC., ROLLS ROYCE CORPORATION and
    DOES ONE through ONE HUNDRED,

14

15             Defendants.
    _____/

16       On May 27, 2005, the Court heard argument on plaintiffs' motion to remand.  Having considered the

17 arguments of counsel and the papers submitted, the Court hereby GRANTS plaintiffs' motion to remand for

18 the reasons set forth below, and REMANDS this action to the Alameda County Superior Court..

19

20                              **BACKGROUND**

21       On December 9, 2004, plaintiffs John Britton, Lorinda Britton, Silverhawk Aviation LLC, and David

22 Currie (collectively "plaintiffs") filed an action in Alameda County Superior Court against defendants Rolls

23 Royce Engine Services Oakland, Inc. ("RRES"), Dallas Airmotive, Inc. ("DAI"), Rolls Royce Corporation

24 ("RR") and Does 1-100 (collectively "defendants").  Plaintiffs sought damages for personal injury and property

25 damage arising out of a helicopter crash allegedly caused by negligence, product liability, and breach of

26 warranty.  Defendant RRES, a California corporation, moved to dismiss the state court action based on *forum*

27 *non conveners*; that motion was denied.  On March 14, 2005, four days after the denial of defendants' motion

28 to dismiss, defendant DAI removed the case to this court.  Plaintiffs filed a motion for remand on April 7, 2005.

1    That motion is now before the Court.

2

3                              **LEGAL STANDARD**

4        A suit filed in state court may be removed to federal court if the federal court would have had original

5    subject matter jurisdiction over that suit. 28 U.S.C. § 1441(a); <u>Snow v. Ford Motor Co.</u>, 561 F.2d 787, 789

6    (9th Cir. 1977). The bases for federal subject-matter jurisdiction are:  (1) federal question jurisdiction under

7    28 U.S.C. § 1331, and (2) diversity of citizenship jurisdiction under 28 U.S.C. § 1332. The removal statute

8    is strictly construed against removal jurisdiction, and doubt is resolved in favor of remand.  <u>Libhart v. Santa</u>

9    <u>Monica Dairy Co.</u>, 592 F.2d 1062, 1064 (9th Cir. 1979).

10        There is also an independent basis for removal under 28 U.S.C. § 1442(a)(1) when "[a]ny officer of

11    the United States . . . , or person acting under him, for any act under color of such office" seeks removal to

12    federal court. To establish federal officer removal jurisdiction, the moving party must "(1) demonstrate that it

13    acted under the direction of a federal officer; (2) raise a federal defense to plaintiffs' claims; and (3) demonstrate

14    a causal nexus between plaintiffs' claims and acts it performed under color of federal office." <u>Blackman v.</u>

15    <u>Asbestos Defendants (BHC)</u>, 1997 WL 703773, at 2 (N.D. Cal. Nov. 3, 1997). The moving party must also

16    be a "person" within the meaning of § 1442(a)(1).  <u>See</u> <u>Jung v. Abex Corp.</u>, 816 F. Supp. 569, 572 (N.D. Cal.

17    1992). Parties satisfying these elements gain access to federal court even when no federal question is presented

18    in a plaintiff's complaint.  <u>See</u> <u>Ryan v. Dow Chemical Co.</u>, 781 F. Supp. 934, 939 (E.D.N.Y. 1992). Courts

19    must strictly construe the statute against removal jurisdiction.  <u>See</u> <u>Boggs v. Lewis</u>, 863 F.2d 662, 663 (9th

20    Cir. 1988); <u>Gould v. Mutual Life Ins. Co.</u>, 790 F.2d 769, 773 (9th Cir. 1986). "Federal jurisdiction must be

21    rejected if there is any doubt as to the right of removal in the first instance." <u>Gaus v. Miles</u>, 980 F.2d 564, 566

22    (9th Cir. 1992).

23        A motion to remand is the proper procedure for challenging removal. Remand to state court may be

24    ordered either for lack of subject matter jurisdiction or for any defect in removal procedure.  <u>See</u> 28 U.S.C.

25    § 1447(c). The court may remand *sea sponge* or on motion of a party, and the parties who invoked the

26    federal court's removal jurisdiction have the burden of establishing federal jurisdiction.  <u>See</u> <u>Enrich v. Touche</u>

27    <u>Ross & Co.</u>, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing <u>Wilson v. Republic Iron & Steel Co.</u>, 257 U.S. 92,

28

United States District Court
For the Northern District of California

2

97 (1921)).  When ruling on a motion to remand, the court generally looks to the complaint and the notice of removal.  See Miller v. Grgurich, 763 F.2d 372 (9 th Cir. 1985); see also 16 Moore's Federal Practice - Civil § 107.41(1)(e)(ii).

The existence of federal jurisdiction on removal must be determined on the face of the plaintiff's complaint.  See Louisville & Nashville R.R. v. Mottley, 211 U.S. 149 (1908).  A "cause of action arises under federal law only when the plaintiff's well pleaded complaint raises issues of federal law."  Metropolitan Life Ins. Co v. Taylor, 481 U.S. 58, 63 (1987).

However, the Court may examine the entire record to determine if the real nature of the claim is federal, notwithstanding plaintiff's characterization to the contrary, when the plaintiff has, by "artful pleading," attempted to defeat defendant's right to a federal forum.  See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 397 n.2 (1981).  A complainant cannot "avoid federal jurisdiction simply by omitting from the complaint federal law essential to his claim, or by casting in state law terms a claim that can be made only under federal law."  Harper v. San Diego Transit Corp., 764 F.2d 663, 666 (9th Cir. 1985).

A notice of removal is defective if it is not timely.  See Shukov v. Isostent, LLC, 2003 U.S. Dist. LEXIS 6297 (N.D. Cal. 2003) (a late objection to an untimely notice of removal may waive the defect).  For removal to be timely, a notice of removal must be filed within thirty days after a defendant receives a copy of the initial pleading.  If the initial pleading does not indicate the removability of the action, a defendant must file a notice of removal within thirty days of receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.  28 U.S.C. § 1446(b).

## DISCUSSION

### I.      Motion to remand

Plaintiffs argue that this action should be remanded because: (1) the Court lacks subject matter jurisdiction over the action; (2) there is no independent basis for removal under the Federal Officer Removal Statute; and (3) removal was untimely in any event.

### A.        Subject matter jurisdiction

### 1.   Diversity jurisdiction

Plaintiffs argue that the action may not be removed based on diversity jurisdiction because the action was first filed in California, the state of which RRES, a properly joined defendant, is a citizen.  Mot. at 4. Under 28 U.S.C. § 1441(b), any civil action not arising under the Constitution, treaties or laws of the United States "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Plaintiffs brought this civil action against defendants in California on December 9, 2004.  See Compl. at 1.  Defendant DAI acknowledges that defendant RRES "was, at the time of the filing of this action, and still is, a corporation organized and existing under the laws of the State of California, having its principal place of business in the State of California."  Notice of Removal at 3.  Thus, this action was not removable based on diversity.  28 U.S.C. § 1441(b).

### 2.   Federal question jurisdiction

In its Opposition, defendant DAI makes the argument, not raised in its removal notice, that removal is proper on the basis of federal question jurisdiction.  Defendant contends that even if plaintiffs have not based their claims on any violation of federal law, "removal is appropriate because federal statutes and regulations, including the Transportation Laws of the United States and the regulations promulgated by the FAA [Federal Aviation Administration] pursuant to those laws, preempt state law in these areas."  Opp'n at 3 (citation omitted).  As plaintiffs point out, controlling case law suggests otherwise, and this argument is time barred in any event.

In Charas v. TWA, 160 F.3d 1259 (9th Cir. 1998), the Ninth Circuit Court of Appeals considered the preemptive effect of another federal statute on a plaintiff's state law cause of action.  In holding that plaintiffs' personal injury claims were not preempted by the federal Airline Deregulation Act, the Ninth Circuit noted that a court considering preemption must consider "that Congress does not cavalierly pre-empt state-law causes of action," and "that the purpose of Congress is the ultimate touchstone in every pre-emption case." Charas, 160 F.3d at 1265.

Here, the only evidence of congressional intent to preempt offered by DAI is the statement in a 1958

United States District Court

For the Northern District of California

Senate Report that "the federal government bears virtually complete responsibility for the promotion and supervision of this industry in the public interest." Opp'n at 3 (citing S. Rep. No. 18111, 85th Cong., 2d Sess. 5 (1958)). This vague language does not establish Congress' intent to preempt state tort claims, and indeed, the courts have repeatedly rejected preemption in the aviation safety field. See, e.g., American Airlines, Inc. v. Wolens, 513 U.S. 219 (1995); Duncan v. Northwest Airlines, Inc., 208 F.3d 1112 (9th Cir. 2000); Vinnick v. Delta Airlines, Inc., 93 Cal. App. 4th 859 (2001). DAI fails to demonstrate that Congress intended the various "Transportation Laws"[1] and the FAA regulations to preempt plaintiffs' state-law causes of action for negligence, products liability, and breach of warranty.

In any event, the Court may not even consider DAI's preemption argument because it is untimely. In this circuit, it is well-settled that substantive amendments to a notice of removal may not be made after the thirty-day period specified in 28 U.S.C § 1446(b). See Barrow Dev. Co. v. Fulton, Ins., 418 F.2d 316, 317 (9th Cir. 1969) (notice of removal can be amended after 30 day period only where party seeks to correct defects in form but not to add allegations of substance); O'Halloran v. Univ. of Washington, 856 F.2d 1375, 1381 (9th Cir. 1988). Since defendant DAI's preemption argument was first made in its May 6, 2005 Opposition brief, defendant has exceeded the 30-day period for amending its March 14, 2005 Notice of Removal.

Accordingly, there is no federal question jurisdiction over the action, and no basis for removal under § 1441(b).

**B.      Federal Officer Removal Statute**

Defendant contends that there is an independent basis for removal under 28 U.S.C. § 1442(a). This provision, known as the Federal Officer Removal Statute, allows for removal of any civil or criminal action against "any officer of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office." 28 U.S.C. § 1442(a)(1). The defendant seeking removal must raise a colorable federal defense to plaintiffs' claims, and must also establish that it acted under the direction of a

---

[1] The only specific statute pointed to by defendant is 49 U.S.C. § 40103, which addresses "Sovereignty and Use of Airspace." However, defendant does not explain how this specific provision preempts state law causes of action against airplane engine manufacturers.

5

**United States District Court**
For the Northern District of California

1  federal officer by demonstrating a causal nexus between plaintiffs' claims and acts defendant performed under

2  color of federal office.  AIG Eur. P'Ship v. McDonnell Douglas Corp., 2003 U.S. Dist. LEXIS 1770 at *4

3  (C.D. Cal. 2003).  If established under this provision, the right of removal is absolute,"regardless of whether

4  the suit could originally have been brought in a federal court."  Willingham v. Morgan, 395 U.S. 402, 406

5  (1969).

6        Defendant DAI argues that removal under 28 U.S.C. § 1442 is proper because the FAA has

7  designated private individuals, including DAI employees, "to serve as representatives of the FAA by certifying

8  aircraft and engine maintenance according to [the FAA's] specifications."  Opp'n at 6.  For this proposition,

9  defendant relies on Magnin v. Teledyne Continental Motors, 91 F.3d 1424 (11th Cir. 1996).  Magnin involved

10  a French citizen who died while piloting an airplane that crashed in France.  The decedent's representative sued

11  Teledyne Industries and J.B. Smith, a Teledyne employee.  The complaint alleged "that [the] fatal crash was

12  proximately caused by [defendants'] negligent inspection and wrongful certification of the aircraft's engine as

13  airworthy, and [] expressly described Smith as a 'designated manufacturing inspection representative (DMIR)'

14  that certified engines "airworthy" or safe for exportation and installation on aircraft.'"  Magnin, 91 F.3d at 1426.

15  The court in Magnin determined that removal was proper because defendant could raise a colorable federal

16  officer defense to plaintiff's claim that the wrongful certification by defendant Smith was a proximate cause of

17  the crash.  Magnin, 91 F.3d at 1428.  Magnin is factually distinguishable from this case, because plaintiffs'

18  complaint here does not name any individual defendants, does not specifically identify DAI as a DMIR[2] and

19  does not expressly allege that defendant's issuance of an airworthiness certificate was a proximate cause of the

20  accident; in fact, it makes no mention of any such certificate.[3]  See also AIG, 2003 U.S. Dist. LEXIS 1770

21  at 5-6 (federal officer removal allowed because of plaintiff's express allegation that defendant's negligent failure

22  to comply with the aircraft certification process proximately contributed to the destruction of the downed

---

24      [2]Plaintiffs' complaint acknowledges that DAI is an FAA Repair Station.  Compl. at ¶ 2.  Neither party, however, suggests that all employees of such repair stations are necessarily DMIRs.

26      [3]The Court declines to read Magnin so broadly as to consider all underlying conduct involved in airplane engine repair and maintenance in determining whether a defendant may raise a colorable federal officer defense.  Assuming that every repair or maintenance inspection on an airplane engine is eventually followed by issuance of a certificate of airworthiness, then *every* airplane engine repair and maintenance mechanic could remove to federal court even the simplest of negligence claims.  Such a result seems questionable, and the Court does not reach it.

1    aircraft).

2        Defendant DAI also contends that it has a federal defense to an allegation that became evident only

3    through plaintiffs' opposition to defendant RRES's state court motion to dismiss.[4]  Notice of Removal at 5;

4    Opp'n at 5.  Specifically, defendant points to the following paragraph:

5        The second-stage compressor, where the blades failed, was subsequently repaired by Dallas
         Airmotive which is, as you might expect, in Texas, but does extensive business throughout
6        California.

7    Compl., Ex. D at 4:19-21.  DAI argues that "[t]he conduct underlying these allegations (i.e., carrying out a

8    repair of this section of the engine and certifying that it was airworthy), would be 'acting under'" color of federal

9    office within the meaning of 28 U.S.C. § 1442(a)(1).  Notice of Removal at 4.  The Court disagrees.  The

10   above paragraph does not actually allege anything about the engine's airworthiness certification, and it is difficult

11   to see how it alleges any conduct to which defendant would have a colorable federal officer defense.  In other

12   words, this "new allegation" is no different from the allegations appearing in the complaint.  If anything,

13   reference to repairs made to a mechanical component that failed simply sounds in negligence.

14       Because the Court concludes that defendant cannot raise a colorable federal officer defense, it finds

15   that there is no basis for removal under the Federal Officer Removal Statute.

16

17       **C.      Timeliness of the Notice of Removal**

18       Plaintiffs argue that DAI's Notice of Removal was untimely because it was filed more than 30 days after

19   defendant received the summons and complaint.  Mot. at 7.  Defendant contends that the bases for removal

20   did not become ascertainable until February 15, 2005, when defendant RRES filed its motion to dismiss in state

21   court.  Opp'n at 7.  Therefore, defendant contends, the Notice of Removal was timely filed 27 days later, on

22   March 14, 2005.

23       A notice of removal must be filed within thirty days after the defendant receives either a copy of the

24   complaint or summons.  28 U.S.C. § 1446(b).  If the case stated by the initial complaint is not removable, then

25   a notice of removal may be filed within 30 days after defendant receives "an amended pleading, motion, order

26   _____

27       [4]This Court may consider the state court filings insofar as is necessary to determine when a case, not
     originally removable on the basis of any allegation in the initial pleading, became removable.  See Peabody v.
28   Schroll Trust, 892 F.2d 772, 775 (9th Cir. 1989).

                                                    7

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1    or other paper from which it may first be ascertained that the case is one which is or has become removable."

2    Id.  "The record of the state court is considered the sole source from which to ascertain whether a case

3    originally not removable has since become removable."  Peabody v. Schroll Trust, 892 F.2d 772, 775 (9th Cir.

4    1989) (citation omitted).

5            Defendant contends that two bases for removal did not become ascertainable until February 15, 2005:

6    (1) plaintiffs' Idaho citizenship, and (2) defendant DAI's repair of the second stage compressor allowing for

7    removal under the Federal Officer Removal Statute.  As discussed above, however, removal was not proper

8    under either  § 1441(b) or the Federal Officer Removal Statute, and thus the February 15, 2005 opposition

9    is not the controlling date.  Because defendant received plaintiffs' complaint and summons on February 3,

10   2005, and its Notice of Removal was filed on March 14, 2005, it is untimely.[5]

11           Accordingly, the Court GRANTS plaintiffs' motion for remand.

12

13   **II.     Request for sanctions**

14           Plaintiffs seek costs, attorney fees and sanctions for defendants' improper removal of this action.  Mot.

15   at 11; Reply at 8.  "An order remanding [a] case may require payment of just costs and any actual expenses,

16   including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  When defendants remove

17   a case improperly and cause the plaintiffs to incur the expense of seeking a remand, "[such] expense is a direct

18   result of the removal, and 28 U.S.C. § 1447(c) permits the plaintiffs to recoup that expense."  Baddie v.

19   Berkeley Farms, 64 F.3d 487, 490 (9th Cir. 1995).  The Court has discretion to impose sanctions.

20           Plaintiffs request sanctions on grounds that DAI has, in bad faith, advanced fallacious arguments in

21

22   _____

23   [5]The parties also dispute whether, by joining in the *forum non conveniens* motion in state court,
     defendant DAI engaged the merits of the case and thereby waived any right to remove.  Plaintiffs rely on Hill

24   v. Citicorp, 804 F. Supp. 514 (S.D.N.Y. 1992), where the court considered the merits of the case in deciding
     a *forum non conveniens* motion to determine what contacts with the forum were relevant and what law

25   applied.  Defendant argues that joining a motion to dismiss for *forum non conveniens* does not engage a case
     on its merits and, therefore, does not waive a party's right to remove to federal court.  Opp'n at 8.  Defendant

26   relies on Beasley v. Union Pac. R.R. Co., 497 F. Supp. 213 (D. Neb. 1980), which involved a temporary
     restraining order, and where the court held that "actions which are preliminary and not conclusive in character

27   and which do not actually submit the merits of a claim for a binding decision do not constitute a waiver of
     defendant's right to remove."  Beasley, 497 F.Supp. at 216.  Because of the fact-specific nature of this inquiry,

28   this Court cannot on the record before it determine whether DAI waived its right to remove by joining in the
     motion.  Because removal was nonetheless improper, the Court does not decide the issue.

opposition to this motion.  They seek the $6,300.00 in attorneys' fees expended in support of this motion.  <u>See</u> O'Reilly Reply Decl at ¶ 3.  Although the Court concludes that remand is proper, it does not consider an award of sanctions appropriate in this case.  Accordingly, plaintiffs' request is DENIED.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiffs' motion for remand and REMANDS this action to the Alameda County Superior Court where it was filed.  The Court also DENIES plaintiffs' request for sanctions. [Docket # 18.]

**IT IS SO ORDERED.**

Dated:  May 27, 2005

   S/Susan Illston
SUSAN ILLSTON
United States District Judge